JAMES ANDERSON, d. b., p'ff. in error *vs.* SARAH THOROUGH-GOOD, negro, p. b., defendant in error.

On petitions for freedom, though the proper mode of taking testimony is at bar, if the defendant join in a commission, he *waives* objection to depositions.
Unlawful exportation confers freedom on the slave.
This may be proved, without the conviction of the master for the misdemeanor.

APPEAL from the Superior Court in and for Sussex county, on a judgment in the case of a petition for freedom, (ante., 95.)

Heard at the June term, 1847, before Johns, Chancellor, and Judges Wootten and Milligan.

The Chancellor delivered the opinion in writing, affirming the judgment below.

*By the Court*:—

JOHNS, *Chancellor*:—The appellant has relied on the following

causes of appeal, as sufficient to entitle him to a reversal of the judgment of the Superior Court.

1. That the testimony was taken under commission, on interrogatories filed, when the witnesses are by the act of assembly required to be produced before the court.

2. That the petitioner was not sent out of the State, with the intention that she should be absent permanently, and therefore not exported, contrary to the act of assembly, so as to entitle to freedom.

3. That McIlvaine was an incompetent witness, and his testimony should have been rejected.

4. That there must be a conviction of the master for the misdemeanor, before the exportation can give freedom, and until conviction, no other evidence is admissible.

The court having heard the testimony and the parties respectively, by their counsel, are of opinion, that the first cause of appeal relied on is insufficient, as the objection was not taken in the court below, and the assent of the party, by joining in the commission and filing interrogatories, must be considered as a waiver of the right now claimed.

2. On the second cause of appeal, the court consider the act of exportation confers freedom, unless the master can bring it within the specific exceptions, or the true intent and spirit thereof, which in this case has not been done.

3. The court consider the testimony of McIlvaine admissible, he being a competent witness; and that the matter relied on as rendering him incompetent, can only be applicable to his credibility.

5. The court consider a prior conviction not requisite; because the clauses in the act are distinct and independent; and freedom is not the consequence of conviction, but is by virtue of the act of assembly, and results from the fact of exportation.

The first clause in the act makes the exportation a misdemeanor, for which the master may be convicted, and the consequence thereof to him is the fine. The second clause, or that declaring the effect of exportation, in reference to the condition of the slave exported, makes the freedom of the slave the consequence of exportation, independent of the master's conviction. Therefore, proof of the fact of exportation, contrary to the act, confers freedom.

Suppose a conviction had been procured, it could not have availed as proof, since the objection that it was only evidence of the convic-

tion and not inter partes, would have caused its rejection. It could not have been admitted as evidence, and the rule that a verdict ought not to effect persons who are no parties, cannot be disregarded. Besides, it being a well established rule, that a verdict in a criminal case, cannot be given in evidence in a civil proceeding, how can it be possible to put such a strange construction on the law? The cases put, of convictions which per se are productive of certain legal consequences, are not considered entitled to have any influence in settling the proper construction of our act of assembly. The court, therefore, consider that the freedom of the slave results from the fact of exportation, by virtue of the act of assembly, independent of the master's conviction; and in no respect can be considered as the consequence of, or dependent on, such conviction.

It is therefore considered and adjudged, that the judgment of the Superior Court be and the same is in all things affirmed, and that the appellant pay the costs of this appeal in three months, or attachment. And it is further ordered by the court, that the record be, and the same is hereby, remanded to the Superior Court in and for Sussex county, to be further proceeded in.

Judgment below affirmed.

Judge WOOTTEN stated that he declined expressing any opinion in this case; as he had, at one time, been of counsel for the parties.